# EXHIBIT C

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF AND TANYA YATES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:19 cv-4098 |
| vs. | § | |
| | § | |
| TOWER HILL SIGNATURE INSURANCE | § | |
| COMPANY AND CHARLES NORTON, | § | |
| | § | |
| Defendants. | | |

## INDEX OF STATE COURT MATERIALS

Pursuant to Local Rule CV-81(c)(2), Defendants Tower Hill Signature Insurance Company and Charles Norton provide this list of all pleadings that assert causes of action, answers to such pleadings, and process and orders filed in Cause No. 201967196; *Jeff and Tayna Yates vs. Tower Hill Signature Insurance Company and Charles Norton*, filed in the 190th District Court of Harris County, Texas.

| | | |
|---|---|---|
| C-1 | 09/16/2019 | Plaintiffs' Original Petition; |
| C-2 | 09/16/2019 | Request for Issuance of Service (Tower Hill Signature Insurance Company); |
| C-3 | 09/16/2019 | Request for Issuance of Service (Charles Norton); |
| C-4 | 09/19/2019 | Civil Process Pick-Up Form; |
| C-5 | 09/25/2019 | Citation (Return for Tower Hill Signature Insurance Company); |
| C-6 | 09/30/2019 | Citation (Return for Charles Norton); |
| C-7- | 10/16/2019 | Defendant's Original Answer |

**EXHIBIT C**

**PG. 2**

4818-8035-2426v1

9/16/2019 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36846605
By: Brittany Hall
Filed: 9/16/2019 3:31 PM

# 2019-67196 / Court: 190

CAUSE NO._____

| | | |
|---|---|---|
| **JEFF AND TANYA YATES** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **TOWER HILL SIGNATURE** | § | **HARRIS COUNTY, TEXAS** |
| **INSURANCE COMPANY AND** | § | |
| **CHARLES NORTON** | § | |
| *Defendants.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jeff and Tanya Yates, Plaintiffs (hereinafter referred to as "Plaintiffs"), and file their Original Petition against Defendants, Tower Hill Signature Insurance Company ("Tower Hill") and Charles Norton ('Norton"), (referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Jeff Yates, is an individual residing in and/or owning property in Harris County, Texas.

2.     Plaintiff, Tanya Yates, is an individual residing in and/or owning property in Harris County, Texas.

3.     Defendant, Tower Hill, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served

1

EXHIBIT C-1

by serving its Registered Agent for service of process: Ct Corporation System 1999 Bryan St., Ste 900 Dallas, Texas 75201-4284.

    4.    Defendant, Charles Norton, is an individual residing in and domiciled in the State of Kentucky. This defendant may be served via process server at 631 6th Avenue, Dayton, Kentucky 41074-1199.

## DISCOVERY LEVEL

    5.    Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

    6.    The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiffs are seeking monetary relief over $200,000 but no more than $1,000,000. Plaintiffs reserve the right to amend this petition during and/or after the discovery process.

    7.    The Court has jurisdiction over Defendant, Tower Hill, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff' causes of action arise out of Tower Hill's business activities in the State of Texas.

    8.    This Court has jurisdiction over Defendant, Charles Norton, because this defendant engaged in the business of insurance adjusting in the State of Texas, and Plaintiffs' causes of action arise out of Norton's business activities in the State of Texas.

## VENUE

2

Certified Document Number: 87153889 - Page 2 of 37

EXHIBIT C-1

9. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10. Plaintiffs are the owners of a property insurance policy number RUDF 0000 91682 ("the Policy") issued by Tower Hill.

11. Plaintiffs own the insured property located at 3710 Darling Ave., Pasadena, Harris County, Texas (hereinafter referred to as "the Property"). Tower Hill sold the Policy insuring the Property to Plaintiffs.

12. On or about August 26, 2017, Hurricane Harvey struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm"). The Storm damaged the Property, including but not limited to a broken water line and damage to the plumbing system. As a result, Plaintiffs sustained interior damage caused by backup sewage and water spilled into the Property.

13. Plaintiffs subsequently submitted a claim to Tower Hill for the damage the Property sustained as a result of the Storm. Plaintiff requested that Tower Hill cover the cost of repairs, including but not limited to the damage to the interior of the Property pursuant to the Policy.

14. Defendant Tower Hill assigned Charles Norton as the individual adjuster on the claim. Upon inspecting the property, Mr. Norton falsely misrepresented to Plaintiff that the damage was due to flood and not water backup caused by the Storm. Mr. Norton recommended that Plaintiffs resubmit their claim as flood damage. Feeling ill-advised, Plaintiffs attempted to request a second adjuster for a second opinion, but the request was denied by Tower Hill.

EXHIBIT C-1

Certified Document Number: 87153889 - Page 3 of 37

15.     As a result, Plaintiffs were forced to resubmit the claim as flood damage. Defendant Tower Hill sent a second adjuster to assess the claim. Plaintiffs notified the second adjuster that the broken waterline and damaged plumbing system caused water damage to the property, not floodwater. However, the adjuster was dismissive and hostile towards Plaintiffs' concerns. As a result, Tower Hill denied Plaintiffs' claim and excluded the damage as the result of floodwater.

16.     The adjusters were improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiffs' property. The adjusters conducted a substandard inspection of Plaintiffs' Property evidenced by the adjusters' reports, which failed to recognize that Plaintiff' storm damages were caused by the Storm. Ultimately, this led Tower Hill to deny Plaintiffs' claim.

17.     Defendant Tower Hill and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters, which ultimately led to the approval of an improper adjustment and denial of Plaintiffs' claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiffs were wrongfully denied on the claim and have suffered damages.

18.     Defendant set about to deny on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiffs and/or under-scoped Plaintiffs' damages, thereby denying adequate and sufficient payment on Plaintiffs' claim. As a result of Defendant's unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiffs were wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted

4

EXHIBIT C-1

Certified Document Number: 87153889 - Page 4 of 37

in additional damages.   To this date, Plaintiffs have yet to receive the full payment that they areentitled to under the Policy.

19.     As detailed in the paragraphs below, Tower Hill wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

20.     To date, Tower Hill continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to the Property.

21.     Defendant Tower Hill failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.   Tower Hill's conduct constitutes a breach of the insurance contract between Tower Hill and Plaintiffs.

22.     Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(1).

23.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.0060(a)(2)(A).

Certified Document Number: 87153889 - Page 5 of 37

EXHIBIT C-1

24.   Defendant failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

25.   Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

26.   Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' claim on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

27.   Defendant Tower Hill failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Tower Hill's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

6

Certified Document Number: 87153889 - Page 6 of 37

EXHIBIT C-1

28.     Defendant Tower Hill failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Tower Hill's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

29.     Defendant Tower Hill failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Tower Hill's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.058.

30.     From and after the time Plaintiffs' claim was presented to Defendant Tower Hill, the liability of Tower Hill to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Tower Hill has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Tower Hill's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

33.     In compliance with TEX. INS. CODE §542A.003, Plaintiffs timely gave pre-suit notice to Defendant prior to filing suit.  More than sixty days has elapsed since Plaintiffs sent their

7

EXHIBIT C-1

notice.

# CAUSES OF ACTION

34.    Each of the foregoing paragraphs is incorporated by reference in the following:

## I. Causes of Action Against Norton

### A.    Noncompliance with the Texas Insurance Code: Unfair Settlement Practices

35.    Defendant Norton's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under this article are made actionable by Tex. Ins. Code § 541.151.

36.    Defendant Norton is individually liable for unfair and deceptive acts, irrespective of the fact that Defendant was acting on behalf of Tower Hill, because Defendant is a "person" as defined by Tex. Ins. Code § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added). (See also *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37.    Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages

8

Certified Document Number: 87153889 - Page 8 of 37

EXHIBIT C-1

and/or underpaying damages; (4) unilaterally and inexplicably changing the basis for the damage to Plaintiffs' Property, and (5) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Norton's unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060 (a)(1).

38.     Defendant Norton's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.     Tex. Ins. Code § 541.060(a)(2)(A).

39.     Defendant Norton failed to explain to Plaintiffs the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Norton failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Norton did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

40.     Defendant Norton's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a

9

EXHIBIT C-1

Certified Document Number: 87153889 - Page 9 of 37

reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(4).

Defendant Norton did not properly inspect the Property and failed to account for and/or undervalued Plaintiffs' roof damage, although reported by Plaintiffs to Tower Hill.  Defendant Norton's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(7).

### II. Causes of Action Against Tower Hill

41.     Tower Hill intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

#### A.     Breach of Contract

42.     Tower Hill breached the contract of insurance it had with Plaintiffs.  Tower Hill breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

#### B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

43.     Defendant Tower Hill's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

44.     Defendant Tower Hill's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair

10

EXHIBIT C-1

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

45. Defendant Tower Hill's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Tower Hill's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

46. Defendant Tower Hill's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

47. Defendant Tower Hill's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

48. Defendant Tower Hill's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C.    Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

11

Certified Document Number: 8715389 - Page 11 of 37

EXHIBIT C-1

49.     Plaintiffs are entitled to interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

50.     Tower Hill failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

51.     Tower Hill failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

52.     Tower Hill delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.      Breach of the Duty of Good Faith and Fair Dealing**

53.     Tower Hill breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.      Knowledge**

54.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**REQUEST FOR DISCLORE**

12

EXHIBIT C-1

55.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days if service of this request, the all information and material described in Rule 194.2(a)-(1). TEX. R. CIV. P. 194.2.

### RULE 193.7 NOTICE

56.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs herby give actual notice to Defendants that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

### DAMAGES

57.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.     The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

59.     For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is the amount of their claim, together with attorney's fees.

60.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have

13

Certified Document Number: 87153889 - Page 13 of 37

EXHIBIT C-1

been paid pursuant to the Policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

61.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

62.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

63.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

64.    Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court cite Defendant to appear and answer herein and that Plaintiffs have judgment taken against Defendant and recover from Defendant all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

Certified Document Number: 8715389 - Page 14 of 37

EXHIBIT C-1

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiffs are justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     */s/ Andrew A. Woellner*
**Andrew A. Woellner**
SBN: 24060850
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: awoellner@potts-law.com

**ATTORNEY FOR PLAINTIFF**

15

EXHIBIT C-1

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiffs, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiffs by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

i.      In the case of a person, to state such person's
    (1)    full name;
    (2)    last known home and business address and home and business telephone number;
    (3)    employer or business affiliation; and
    (4)    occupation and business position held.

16

Certified Document Number: 8715 3889 - Page 16 of 37

EXHIBIT C-1

ii.    In the case of a <u>document</u>, to state:
    (1)    the identity of the person or persons preparing it and the sender;
    (2)    its title or a description of the general nature of the subject matter;
    (3)    the identity of the addressee(s), if any;
    (4)    its date or dates of preparation;
    (5)    its date or dates and manner of distribution and publication, if any;
    (6)    the location of each copy and the identity of its present custodian;
    (7)    the type of document; and
    (8)    all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
    (1)    the identity of the person uttering the oral statement;
    (2)    the place at which such oral statement was uttered;
    (3)    the date on which such oral statement was uttered;
    (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and
    (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

17

EXHIBIT C-1

Certified Document Number: 87153889 - Page 17 of 37

not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiffs' Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

<div style="margin-left:40%">

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**


By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN:  24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

</div>

EXHIBIT C-1

Certified Document Number: 87153889 - Page 18 of 37

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP


/s/ Andrew A. Woellner
**Andrew A. Woellner**

19

EXHIBIT C-1

Certified Document Number: 8715389 - Page 19 of 37

## INTERROGATORIES TO TOWER HILL SIGNATURE INSURANCE COMPANY

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. State the date Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiffs at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiffs

Certified Document Number: 8715889 - Page 20 of 37

EXHIBIT C-1

failed to provide upon Defendant's request.

**ANSWER**

8. If you contend Plaintiffs' damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

**ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

**ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

**ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

**ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

**ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

**ANSWER**

Certified Document Number: 87153889 - Page 21 of 37

21

EXHIBIT C-1

14. State the Date Defendant first anticipated litigation.

**ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

**ANSWER**

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiffs began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

Certified Document Number: 87153889 - Page 22 of 37

22

EXHIBIT C-1

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiffs' claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

Certified Document Number: 87153889 - Page 23 of 37

23

EXHIBIT C-1

## <u>REQUEST FOR PRODUCTION TO TOWER HILL SIGNATURE INSURANCE COMPANY</u>

1.  The following insurance documents issued for the Properties as identified in the Petition:
    a.  the policy at issue for the date of loss as identified in the Petition; and
    b.  the policy declarations page for the 3 years preceding the storm.

<u>RESPONSE:</u>

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

<u>RESPONSE:</u>

3.  All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

<u>RESPONSE:</u>

4.  All documents relating to any real property insurance claims made by Plaintiffs at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

<u>RESPONSE:</u>

5.  All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

<u>RESPONSE:</u>

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

<u>RESPONSE:</u>

Certified Document Number: 87153889 - Page 24 of 37

EXHIBIT C-1

7.   All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.   A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

Certified Document Number: 87153889 - Page 25 of 37

25

EXHIBIT C-1

12. All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13. All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of Plaintiffs' claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14. If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15. Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16. All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17. All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

Certified Document Number: 87153889 - Page 26 of 37

EXHIBIT C-1

18. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19. All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

20. Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:

21. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

23. Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

24. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:

25. Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

27

Certified Document Number: 87153889 - Page 27 of 37

EXHIBIT C-1

RESPONSE:

26. All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27. All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

28. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

29. To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30. If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

31. If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32. All claims handling manuals and/or guidelines that were in effect during Safeco's investigation of Plaintiffs' claim. This request is limited to manuals or guidelines related

28

Certified Document Number: 87153889 - Page 28 of 37

EXHIBIT C-1

to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:

Certified Document Number: 87153889 - Page 29 of 37

29

EXHIBIT C-1

## INTERROGATORIES TO DEFENDANT CHARLES NORTON

1. Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2. Identify generally the training or experience You had in adjusting windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3. Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4. Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5. Identify the following dates:

   a. The date You first obtained an adjuster license in the State of Texas;

   b. The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

   c. The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

   d. The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

30

EXHIBIT C-1

Certified Document Number: 87153889 - Page 30 of 37

6.    Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

   a.    The name and job title of any person who inspected the Properties with You;

   b.    The date of each inspection;

   c.    The purpose of each inspection;

   d.    The length of time of each inspection;

   e.    The equipment or tools used during each inspection;

   f.    The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

   g.    Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.    Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiffs? If yes, provide the following information:

   a.    the date of such communication(s);

   b.    the manner of such communication(s);

   c.    the person to whom You communicated;

   d.    the reason for the communication(s);

   e.    for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

   f.    the general substance of the communication.

RESPONSE:

31

EXHIBIT C-1

Certified Document Number: 87153889 - Page 31 of 37

8.   Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:

9.   For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

10.   To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

11.   Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

12.   How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:

13.   Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

32

Certified Document Number: 8715389 - Page 32 of 37

EXHIBIT C-1

14.     Identify all documents or information You requested from Plaintiffs during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiffs who received the request.

RESPONSE:

15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

Certified Document Number: 87153889 - Page 33 of 37

33

EXHIBIT C-1

## REQUESTS FOR PRODUCTION TO DEFENDANT CHARLES NORTON

1. All documents related to Plaintiffs, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:


2. All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:


3. All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:


4. All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiffs' claim.

RESPONSE:


5. All resumes for the last 5 years.

RESPONSE:


6. All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

Certified Document Number: 87153889 - Page 34 of 37

EXHIBIT C-1

7.　All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:


8.　To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


9.　To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


10.　All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:


11.　All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:


12.　All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

Certified Document Number: 87153889 - Page 35 of 37

35

EXHIBIT C-1

13.     All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.     All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.     All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.     All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.     All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiffs' claim.

RESPONSE:

EXHIBIT C-1

Certified Document Number: 87153889 - Page 36 of 37

19. If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

20. If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

21. If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

Certified Document Number: 87153889 - Page 37 of 37

EXHIBIT C-1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87153889 Total Pages:  37

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT C-1



9/16/2019 3:31:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36846605
By: HALL, BRITTANY
Filed: 9/16/2019 3:31:28 PM

**Marilyn Burgess** 2019-67196 / Court: 190
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: <u>Plaintiffs' Original Petition</u>

**FILE DATE:** <u>9/16/2019</u>_____ Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** <u>Tower Hill Signature Insurance Company</u>

Address of Service: <u>1999 Bryan St., Ste 900</u>

City, State & Zip: <u>Dallas, Texas 75201-4284</u>

Agent (if applicable) <u>CT Corporation System</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** ☐ | **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | Newspaper_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** ☐ | **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** ☐ | **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP (phone)** _____        ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____                **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**        used to retrieve the E-Issuance Service Documents.
                                             Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** <u>Praetorian Protec</u>  Phone: <u>281-822-29</u>

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Andrew Woellner</u>  Bar # or ID <u>24060850</u>

Mailing Address: <u>3737 Bufallo Speedway, Ste 1900, Housto</u>

Phone Number: <u>713-963-8881</u>

EXHIBIT C-2

Certified Document Number: 87153890 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:      87153890 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT C-2



9/16/2019 3:31:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36846605
By: HALL, BRITTANY
Filed: 9/16/2019 3:31:28 PM

**Marilyn Burgess**
2019-67196 / Court: 190
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request** for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: **Plaintiffs' Original Petition** _____

FILE DATE: 9/16/2019 _____ Month/Day/Year
SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be

Served):

**Issue Service to:**  Charles Norton _____

Address of Service:  631 6th Avenue _____

City, State & Zip: Dayton, Kentucky 41074-1199 _____

Agent (if applicable) _____

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation**   ☐ **Citation by Posting**   ☐ | **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | Newspaper_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** ☐ | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** ☐ | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP** (phone) _____
☐ **MAIL to attorney  at:** _____
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by District Clerk**

☐ **E-Issuance by District Clerk**
(No Service Copy Fees Charged)
*Note:* The email registered with EfileTexas.gov must be
used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** Praetorian Protec  Phone:  281-822-29

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Andrew Woellner  Bar # or ID  24060850

Mailing Address: 3737 Bufallo Speedway, Ste 1900, Housto

Phone Number: 713-963-8881 _____

EXHIBIT C-3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87153891 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT C-3



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

COPY OF PLEADING PROVIDED BY PLTD

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2019- _67196_

ATY _____   CIV ___X___   COURT _190th_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: _Woellner, Andrew_ PH: _713.963-881_ |
| *CIVIL PROCESS SERVER: _Pretorian Protective #243_ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: _____ |
| * NOTIFIED BY: _____ |
| *DATE: _____ |

Type of Service Document: **CITATION**      Tracking Number _73674210_
Type of Service Document: _Cit_      Tracking Number _73674214_
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____

Process papers prepared by: **Cynthia Clausell**

Date: _9/19/2019_                30 days waiting _10/19/2019_

| |
|---|
| *Process papers released to: _Andre Franz-Tutton_ |
| _713-614-4454_         (PRINT NAME) |
| *(CONTACT NUMBER)        (SIGNATURE) |
| *Process papers released by: _Kevin Cruz_ |
| (PRINT NAME) |
| (SIGNATURE) |
| * Date: _09/20/2019_ , 2019   Time: _12:30_   AM / PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**Entire document must be completed**   (do not change this document)  Revised 1/3/2019
EXHIBIT C-4

Certified Document Number: 87226724 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87226724 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT C-4

9/25/2019 11:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37134993
By: Ozuqui Quintanilla
Filed: 9/25/2019 11:24 PM

## AFFIDAVIT ATTACHED

COPY OF PLEADING PROVIDED BY PLTD

CAUSE NO.  201967196

RECEIPT NO.                    0.00    CIV
           **********          TR # 73674210

| PLAINTIFF: YATES, JEFF | In The   190th |
| vs. | Judicial District Court |
| DEFENDANT: TOWER HILL SIGNATURE INSURANCE COMPANY | of Harris County, Texas |
|  | 190TH DISTRICT COURT |
|  | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TOWER HILL SIGNATURE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999 BRYAN ST STE 900   DALLAS TX  75201 - 4284
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 16th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:                              MARILYN BURGESS, District Clerk
WOELLNER, ANDREW AMBERG                             Harris County, Texas
3737  BUFFALO SPEEDWAY SUITE                        201 Caroline, Houston, Texas 77002
1960                                               (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77098
Tel: (713) 963-8881                                Generated By: CLAUSELL,CYNTHIA  RGI//11330110
Bar No.: 24060850

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of ___ _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____              _____  _____
                           _____ of  _____County, Texas

                           By _____
            Affiant                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                           _____
                                   Notary Public

N.INT.CITP.P              *73674210*

## AFFIDAVIT ATTACHED

EXHIBIT C-5

Certified Document Number: 87308176 - Page 1 of 2

## Officer or Authorized return

Came to hand on the ___24th___ day of September A.D., 2019, at 9:00 o'clock A.M. and executed by delivering Tower Hill Signature Insurance Company Through registered agent CT Corporation System on the __24th__ day of ___September A. D. 2019,__ at ___10:05___ o'clock A.M., the within named defendant, in person, a true copy of this Citation, together with a copy of original petition with date of service marked thereon, at the following location, ___1999 Bryan Street, Suite 900 Dallas Texas 75201___

Citation: __201967196__

Plaintiff's Original Petition, Plaintiff's First Interrogatories and Requests for Production, Interrogatories to Tower Hill Signature Insurance Company, Request for Production to Tower Hill Signature Insurance Company, Interrogatories to Defendant Charles Norton Requests for Production to Defendant Charles Norton

Witness Fee: _____

For mileage _____

For Notary _____

_____   **SCH 4688 expires 2/28/2020**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is; ___July 2, 1960___ and my address is; 1801 Vassar Drive Richardson Texas 75081
Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXHIBIT C-5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87308176 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT C-5

9/30/2019 1:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37240325
By: Ozuqui Quintanilla
Filed: 9/30/2019 1:58 PM

COPY OF PLEADING PROVIDED BY PLTD

## AFFIDAVIT ATTACHED

CAUSE NO.   201967196

| RECEIPT NO. | 0.00 | CIV |
|---|---|---|
| ********** | | TR # 73674214 |

| | |
|---|---|
| PLAINTIFF: YATES, JEFF | In The   190th |
| vs. | Judicial District Court |
| DEFENDANT: TOWER HILL SIGNATURE INSURANCE COMPANY | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: NORTON, CHARLES

   631  6TH AVENUE   DAYTON KY  41074 - 1199

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 16th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 19th day of September, 2019, under my hand and
seal of said Court.



Issued at request of:
WOELLNER, ANDREW AMBERG
3737  BUFFALO SPEEDWAY SUITE 1960
HOUSTON, TX  77098
Tel: (713) 963-8881
Bar No.: 24060850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CLAUSELL, CYNTHIA  RGI//11330110

STATE OF _____

County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

_____
Affiant/Deputy

On this day, _____ , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

## AFFIDAVIT ATTACHED

N.INT.CITN.P

*73674214*

Certified Document Number: 87369250 - Page 1 of 2

EXHIBIT C-6

## AFFIDAVIT OF SERVICE

**State of Texas**                **County of Harris**                **District Court**

Case Number: 201967196

Plaintiff:
**Jeff Yates**

vs.

Defendant:
**Tower Hill Signature Insurance Company**

For:
The Potts Law Firm, LLP
Kansas City, MO

Received by Mike Mobley Reporting, A Veritext Company on the 24th day of September, 2019 at 4:48 pm to be served on **Charles Norton, 631 6TH AVENUE, Dayton, KY 41074**.

I, Dale Dorning, being duly sworn, depose and say that on the **24th day of September, 2019** at **7:45 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Citation and Original Petition** with the date and hour of service endorsed thereon by me, to: **Charles Norton** at the address of: **631 6TH AVENUE, Dayton, KY 41074**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 59, Sex: M, Race/Skin Color: White, Height: 6-0, Weight: 240, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Licensed Private Investigator, authorized to serve process in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 25th day of September, 2019 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

VALENTINA DORNING
Notary Public, State of Ohio
My Comm. Expires 12-18-2020

**Dale Dorning**
Process Server

**Mike Mobley Reporting, A Veritext Company**
**334 S. Main Street**
**Dayton, OH 45402**
**(937) 222-2259**

Our Job Serial Number: PRE-2019009071
Ref: 201967196

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Certified Document Number: 87369250 - Page 2 of 2

EXHIBIT C-6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87369250 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT C-6

10/16/2019 11:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37698563
By: Tammy Tolman
Filed: 10/16/2019 11:50 AM

CAUSE NO. 2019-67196

| | | |
|---|---|---|
| JEFF AND TANYA YATES, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TOWER HILL SIGNATURE INSURANCE | § | |
| COMPANY AND CHARLES NORTON, | § | |
| | § | 190TH JUDICIAL DISTRICT |
| *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendant Tower Hill Signature Insurance Company ("Tower Hill Signature" or "Defendant") and Charles Norton (collectively, "Defendants") file this Original Answer and would respectfully show:

### I.
### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence.  By this general denial, Defendants further demand that Plaintiffs prove every fact in support of their claim for exemplary damages by clear and convincing evidence.

### II.
### ACCEPTANCE OF POTENTIAL LIABILITY OF ADJUSTER

2.      Pursuant to TEX. INS. CODE § 542A.006, Defendant Tower Hill Signature elects to accept whatever liability Defendant insurance adjuster Charles Norton might have to Plaintiffs for Norton's acts or omissions related to the claim at issue. This pleading constitutes Defendant Tower Hill Signature's written notice to the claimant under INS. CODE § 542A.006. This election is unconditional and cannot be revoked pursuant to the statute.

---

Certified Document Number: 87634648 - Page 1 of 7

EXHIBIT C-7

## III.
## DENIAL OF CONDITIONS PRECEDENT

3.       Defendant specifically denies that Plaintiffs have satisfied all conditions precedent to the recovery they seek in this lawsuit. The specific conditions that have not occurred or been satisfied or waived are as follows:

### *Loss During the Policy Period*

4.       The Policy applies only to loss that occurs during the policy period. To the extent that any part of the loss of which Plaintiffs complain did not occur during this policy period, the Policy provides no coverage for such loss.

### *Loss Above the Deductible*

5.       Tower Hill Signature's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

### *Loss Settlement Clause*

6.       Tower Hill Signature's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's Loss Settlement clause.

### *Failure to Keep Accurate Records*

7.       Tower Hill Signature's obligation to pay under the Policy, if any, is barred in whole or in part by Plaintiffs' failure to keep an accurate record of their repair expenses.

### *Failure to Provide Records and Documents*

8.       Tower Hill Signature's obligation to pay under the Policy, if any, is barred by Plaintiffs' failure to provide Tower Hill Signature with the pertinent records and documents it requested.

### *Failure to Serve 542A Notice*

Certified Document Number: 87634648 - Page 2 of 7

EXHIBIT C-7

9.    Plaintiffs failed to provide Defendant timely written notice of Plaintiffs' claimed damages in compliance with Texas Insurance Code 542A.003, thereby barring, pursuant to Section 542A.007 of the Code, recovery of their attorney's fees that might otherwise potentially be recoverable. Plaintiffs' insurance claim was for damage caused by wind, rain and/or flood, which is a "claim" to which chapter 542A applies.

### IV.
### AFFIRMATIVE DEFENSES

10.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

#### *Failure to Mitigate*

11.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to take reasonable steps to mitigate, minimize or avoid the damages allegedly sustained by the property.

#### *Concealment and Fraud*

12.    Plaintiffs' claims are barred, in whole or in part, and the Policy is void to the extent that Plaintiffs intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance claim.

#### *Exclusion for Interior Water Damage*

13.    Plaintiffs' claims are barred, in whole or in part, to the extent that the claimed damage was caused by windstorm to personal property contained in a building unless direct force of wind made an opening in a roof or wall and rain, sand or dust entered through this opening and caused the damage.

Certified Document Number: 8763464648 - Page 3 of 7

EXHIBIT C-7

*Surface Flood Exclusion*

14.     Plaintiffs' claims are barred to the extent that their claimed damages were caused by flood, surface water, overflow of streams or other bodies of water or spray from any of these, whether or not driven by wind.

*Bona Fide Dispute*

15.     A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. Tower Hill Signature and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiffs without facing extra-contractual liability. Tower Hill Signature would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; and (iii) the reasonable and necessary measures to repair any covered loss or damage.

*Limitation of Punitive/Exemplary Damages*

16.     Tower Hill Signature denies any liability to Plaintiffs for alleged extra-contractual damages. Pleading alternatively, Tower Hill Signature pleads that any award to Plaintiffs of exemplary, additional, treble or punitive damages or penalties is limited pursuant to TEX. CIV. PRAC. & REM. CODE Ann. chapter 41 and TEX. INS. CODE §§ 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Tower Hill Signature's state and federal constitutional rights. Tower Hill Signature affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Tower Hill Signature affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas

Certified Document Number: 87634648 - Page 4 of 7

EXHIBIT C-7

procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Tower Hill Signature would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

17.     As a specific defense, Tower Hill Signature asserts that Plaintiffs' claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

    a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

    b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

18.     Tower Hill Signature further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## V.
## PRAYER

    BASED ON THE FOREGOING, Defendants Tower Hill Signature Insurance Company and Charles Norton pray that upon final judgment: (a) all relief requested by Plaintiffs be denied; (b) all costs be taxed against Plaintiffs; and (c) for such other and further relief, both general and

Certified Document Number: 8763464648 - Page 5 of 7

EXHIBIT C-7

special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: _/s/ Eric K. Bowers_
    Eric K. Bowers
    Texas Bar No. 24045538
    ebowers@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEY FOR TOWER HILL
SIGNATURE INSURANCE COMPANY
and CHARLES NORTON**

## CERTIFICATE OF SERVICE

    A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on October 16, 2019:

Andrew A. Woellner
State Bar No. 24060850
awoellner@potts-law.com
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900

Certified Document Number: 87634648 - Page 6 of 7

EXHIBIT C-7

Houston, Texas 77098
Telephone:      713-963-8881
Facsimile:       713-574-2938
*Attorney for Plaintiffs Jeff and Tanya Yates*

_____/s/ Eric K. Bowers_____
Eric K. Bowers

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION      Page 7
4817-4369-4761v2

EXHIBIT C-7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2019

Certified Document Number:        87634648 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT C-7